# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Martel Le'Shawn Riley, | Case No. |
| Plaintiff, | **Complaint** |
| v. | Jury Trial Demanded |
| Alexander Mark Graham, acting in his individual capacity, | Fed. R. Civ. P. 38(b) |
| Defendant. | |

For his Complaint, Plaintiff Martel Le'Shawn Riley ("Riley") states and alleges as follows:

## PARTIES AND VENUE

1. Plaintiff Martel Riley is a resident of Minnesota.

2. Defendant Alexander Mark Graham ("Crawford") is, upon information and belief, a citizen of Minnesota. Graham served as a Ramsey County Sheriff's Office deputy on March 14, 2023. The Ramsey County Sheriff's Office is an agency of Ramsey County. Graham acted under color of state law at all material times. He is sued in his individual capacity.

## JURISDICTION

3. Riley brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). These statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

1

4. The events giving rise to this action occurred in St. Paul, Minnesota. Venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

5. On March 14, 2023, Defendant Graham was on patrol in St. Paul.

6. At that time, Riley was driving a vehicle. Riley observed all relevant traffic laws.

7. Defendant Graham did not observe Riley violate any traffic laws.

8. Defendant Graham initiated a stop of Riley's vehicle.

9. Defendant Graham falsely claimed that Riley crossed the center line of the road as justification.

10. After stopping Riley, Defendant Graham conducted investigation related to contraband and DWI, in addition to an alleged traffic violation.

11. Defendant Graham did not observe any facts that supported the expansion of the stop to include a search for contraband or DWI investigation.

12. As a result of the improper expansion, Riley was subjected to an additional search and seizure that were not legally justified.

13. Based on the improper stop, Riley was prosecuted.

14. The criminal charges against Riley were dismissed based on the court's findings that the stop was unlawful and in violation of Riley's constitutional rights.

15. Defendant Graham had previously been the subject of a court order in another matter in which he was found to have unlawfully stopped a vehicle based on false claims of weaving or traffic violations.

16. Due to the misconduct of Defendant Graham, Riley has suffered harm to be proven at trial.

## CAUSES OF ACTION

### Count 1 – 42 U.S.C. § 1983 – Fourth Amendment Violation: Unlawful Stop, Seizure, and Search

17. Riley realleges Paragraphs 1-16 of this Complaint as if fully stated herein.

18. Defendant Graham acted under color of state law while performing the acts described herein.

19. Defendant Graham deprived the plaintiff of his Fourth and Fourteenth Amendment rights through the actions described herein.

20. The defendant stopped Riley without observing a traffic violation or any other basis justifying a stop.

21. Defendant Graham made false claims about the justification of the stop to conceal his misconduct and deprive the plaintiff of his constitutional rights.

22. Defendant Graham unlawfully expanded the stop to include investigation for contraband and DWI. Defendant Graham did so without facts supporting the expansion. As part of this expansion, Riley was subjected to additional seizure and search by Defendant Graham.

23. The defendant's actions violated constitutional rights that were clearly established on the date of the incident.

24. As direct and proximate result of the acts of the defendant, the plaintiff suffered injuries and other harms that entitle them to damages.

25. The defendant acted with evil intent or reckless indifference to the plaintiff's rights.

26. The defendant subjected the plaintiff to deprivation of his rights in such a manner as to render them liable for punitive damages, which are necessary to deter further improper conduct.

27. The plaintiff is entitled to fully recover his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for judgment as follows:

1. That the Court find that the defendant committed acts and omissions violating the Fourth and Fourteenth Amendments to the United States Constitution permitting a cause of action under 42 U.S.C. § 1983;

2. A money judgment against the defendant for compensatory and punitive damages, together with costs, including reasonable attorneys' fees under 42 U.S.C. § 1988 and prejudgment interest;

3. For such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

|  |  |
|---|---|
| Date: October 3, 2024 | **LAW OFFICE OF ERIC A. RICE, LLC**<br><br>_s/Eric Rice_<br>Eric A. Rice (MN #0388861)<br>1 W. Water St., Ste. 275<br>St. Paul, MN 55107<br>P: (651) 998-9660<br>F: (651) 344-0763<br>eric@ricedefense.com<br><br>*Attorney for the Plaintiff* |